IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

ALENXANDRIA DIVISION

Case No. _____

**MORGAN HOWARTH**

    Plaintiff

v.

**VERDE SOURCES, LLC d/b/a ED BALL LANDSCAPE ARCHITECTURE**

    Defendant

## COMPLAINT

Plaintiff Morgan Howarth ("Plaintiff") sues defendant Verde Sources, LLC d/b/a Ed Ball Landscape Architecture ("Defendant"), and alleges as follows:

### THE PARTIES

1. Plaintiff is an individual who is a citizen of the Commonwealth of Virginia.

2. Defendant is a limited liability company organized and existing under the laws of the Commonwealth of Virginia with its principal place of business located at 1800 Jonathan Way, Suite 614, Reston, VA 20190. Defendant's agent for service of process is Edward C. Ball, 1800 Jonathan Way, Apt 512, Reston, VA 20190.

### JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. This Court has personal jurisdiction over Defendant because it has maintained sufficient minimum contacts with this State such that the exercise of personal jurisdiction over it

would not offend traditional notices of fair play and substantial justice.

5. Venue properly lies in this district pursuant to 28 U.S.C. § 1400(a) because Defendant or its agents reside or may be found in this district. "The language 'may be found' means any district which may assert personal jurisdiction over a defendant." Johnson v. Sky Media, LLC, No. 1:19-3269-MGL-PJG, 2020 U.S. Dist. LEXIS 73016, at *16-17 (D.S.C. Apr. 23, 2020). In other words, venue is proper in his District because Defendant is subject to personal jurisdiction in this District. See Big Guy's Pinball, LLC v. Lipham, No. 14-CV-14185, 2015 U.S. Dist. LEXIS 89512, at *2 (E.D. Mich. July 10, 2015).

## FACTS

### I. Plaintiff's Business and History

6. Plaintiff is a photographer based in Gainesville, VA and has photographed for a wide variety of countless exteriors and interiors for various clients.

7. Plaintiff crafts art by skillfully arranging space and using coordinated compositions and lighting in his unique style.

8. Plaintiff utilizes his over 25-year photography experience, focused on interior and architecture work, but is adept in almost all forms of photography. His rich and illustrative style brings architecture to life by combining a multitude of separately lit images into that one perfect shot.

### II. The Work at Issue in this Lawsuit

9. Plaintiff created a professional photograph titled "Cornish_Front_Fireplace_F" (the "Work"). A copy of the Work is displayed below:



10. The Work was registered by Plaintiff with the Register of Copyrights on August 29, 2017, and was assigned Registration No. VA 2-064-958. A true and correct copy of the Certificate of Registration pertaining to the Work is attached hereto as **Exhibit "A."**

11. Plaintiff is the owner of the Work and has remained the owner at all times material hereto.

### III. Defendants' Unlawful Activities

12. Defendant is an experienced landscaping company offering site analyses, construction, building, plantings, and masonry for homes.

13. Defendant advertises/markets its business through its website (https://landscapearchitectnorthernvirginia.com/), social media (e.g., https://www.facebook.com/ItsEdBall/, https://www.linkedin.com/company/exquisite-exteriors/, and other forms of advertising.

14. On July 24, 2023 (after Plaintiff's above-referenced copyright registration of the Work), Defendant displayed and/or published the Work on its website, webpage, and/or social media (at https://www.facebook.com/photo.php?fbid=697668989070910&set=a.424889993015479&type=3&from_lookaside=1):



15. A true and correct copy of screenshots of Defendant's website, webpage, and/or social media, displaying the copyrighted Work, is attached hereto as **Exhibit "B."**

16. Defendant is not and has never been licensed to use or display the Work. Defendant never contacted Plaintiff to seek permission to use the Work in connection with its website, webpage, and/or social media – even though the Work that was copied is clearly professional photography that would put Defendant on notice that the Work was not intended for public use.

17. Defendant utilized the Work for commercial use.

18. Upon information and belief, Defendant located a copy of the Work on the internet and, rather than contact Plaintiff to secure a license, simply copied the Work for its own

4

commercial use.

19. Through his ongoing diligent efforts to identify unauthorized use of its photographs, Plaintiff first discovered Defendant's unauthorized use/display of the Work on November 20, 2023. Following Plaintiff's discovery, Plaintiff notified Defendant in writing of such unauthorized use.

20. All conditions precedent to this action have been performed or have been waived.

## COUNT I – COPYRIGHT INFRINGEMENT

21. Plaintiff re-alleges and incorporates paragraphs 1 through 20 as set forth above.

22. Each photograph comprising the Work is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 *et seq.*).

23. Plaintiff owns a valid copyright in each photograph comprising the Work, having registered the Work with the Register of Copyrights and owning sufficient rights, title, and interest to such copyright to afford Plaintiff standing to bring this lawsuit and assert the claim(s) herein.

24. As a result of Plaintiff's reproduction, distribution, and public display of the Work, Defendant had access to the Work prior to its own reproduction, distribution, and public display of the Work on its website, webpage, and/or social media.

25. Defendant reproduced, distributed, and publicly displayed the Work without authorization from Plaintiff.

26. By its actions, Defendant infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501. Defendant's infringement was either direct, vicarious, and/or contributory.

27. Defendant's infringement was willful as it acted with actual knowledge of reckless disregard for whether its conduct infringed upon Plaintiff's copyright. Notably, Defendant itself utilizes a copyright disclaimer on its website © Copyright 2024 - Ed Balls Landscape Architecture. All rights reserved."), indicating that Defendant understands the importance of copyright protection and intellectual property rights.

28. Plaintiff has been damaged as a direct and proximate result of Defendant's infringement.

29. Plaintiff is entitled to recover his actual damages resulting from Defendant's unauthorized use of the Work and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b)), Plaintiff is entitled to recover damages based on a disgorgement of Defendant's profits from infringement of the Work, which amounts shall be proven at trial.

30. Alternatively, and at Plaintiff's election, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c), in such amount as deemed proper by the Court.

31. Pursuant to 17 U.S.C. § 505, Plaintiff is further entitled to recover his costs and attorneys' fees as a result of Defendant's conduct.

32. Defendant's conduct has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiff unless enjoined by the Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

a. A declaration that Defendant has infringed Plaintiff's copyrights in the Work;

b. A declaration that such infringement is willful;

c. An award of actual damages and disgorgement of profits as the Court deems proper or, at

Plaintiff's election, an award of statutory damages for each photograph comprising the Work;

d. Awarding Plaintiff his costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

e. Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

f. Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant from directly or indirectly infringing Plaintiff's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the Work or to participate or assist in any such activity; and

g. For such other relief as the Court deems just and proper.

**MORGAN HOWARTH**

By Counsel:

_____/s/_____
Matthew W. Smith
Va. State Bar No. 44558
*Attorney for the Plaintiff*
OTEY SMITH & QUARLES
485 McLaws Circle
Williamsburg, VA 23185
T 757.903.2665
F 757.561.2378
MSMITH@OSQLAW.COM

7